[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR DISQUALIFICATION AND SANCTIONS
The court heard argument and reviewed briefs regarding plaintiff's motion dated January 16, 1997 with oral argument on March 10, 1997.
Plaintiff argues that Attorney Lynn Kappelman, representing the defendant, wrote a letter to Judge Hendel ex parte dated January 10, 1997, in which she made false statements about plaintiff's counsel and certain scheduling orders by Judge Hendel. Attorney Parenteau was copied in on the letter.
Particularly, the letter stated that in a chamber's conference Judge Hendel ordered defendants to complete discovery by January 30, 1997. Attorney Parenteau claims Judge Hendel never issued such order. This court is unable to determine if such statement was true or not.
Secondly, the plaintiff claims that the letter states that the plaintiff arrived late for the deposition on January 7, 1997 and left early. The letter does so state. Attorney Parenteau, in oral argument, stated he arrived at 10:00 a.m. and left at 5:00 p. m., the usual hours for a deposition. The defendants did not dispute this comment.
As a result of this inaccurate information, Attorney Parenteau then suggests the letter asks for an early hearing on its motion to compel prior to January 27, 1997, or a ruling on the papers. He claims this process would prevent him from responding to the letter before the court granted the defendant's request.
This court finds that the letter, with a copy to Attorney Parenteau, was not an "ex parte" communication as such. However, the court does agree with the plaintiff that such a letter is not a proper way to proceed, since it tends to improperly influence the court in a disputed matter before the other party can respond. CT Page 2907
Since the trial has been continued until April of 1997, and the plaintiff has been heard on her motion, there has been no harm or prejudice to her. However, the court hereby admonishes Attorney Lynn Kappelman that such conduct is improper and is not to be repeated or the court will impose the appropriate sanctions.
D. Michael Hurley Judge Trial Referee